UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA              :

   -v.-                                :       10 Cr. 822 (PKC)

JOSE PACHECO ANDRADE,                 :

     Defendant.                      :

------------------------------------------------------------x


# THE GOVERNMENT'S SENTENCING SUBMISSION


                          PREET BHARARA
                          United States Attorney for the
                          Southern District of New York
                          One St. Andrew's Plaza
                          New York, New York 10007


Daniel B. Tehrani
Assistant United States Attorney
- Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| -v.- | : | 10 Cr. 822 (PKC) |
| JOSE PACHECO ANDRADE, | : | |
| Defendant. | : | |

-----------------------------------------------------------------x

## THE GOVERNMENT'S SENTENCING SUBMISSION

The defendant is scheduled to be sentenced in this matter on December 14, 2010, at 12:30 p.m.  The Government respectfully submits this memorandum in advance of the sentencing, and in response to defense counsel's sentencing memorandum dated December 8, 2010 ("Def. Mem."), in which defense counsel asks the Court to impose a sentence of time served (Def. Mem. at 1).  The Government respectfully requests that the Court impose a sentence at the upper end of the Guidelines range of two to eight months, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

## BACKGROUND

**A.     The Indictment**

The Indictment charges Jose Pacheco Andrade (the "defendant") with illegal re-entry into the United States, in violation of Title 8, United States Code, Section 1326(a).  On October 21, 2010, the defendant pleaded guilty to the sole count of the Indictment.

**B.     The Offense**

The defendant is a citizen of El Salvador.  (United States Probation Office's Presentence Investigation Report ("PSR") ¶ 11.)  The defendant was deported from the United States to El

2

Salvador on December 19, 2008. (Id. ¶ 13.) After having re-entered the United States without having obtained permission from the Attorney General to reapply for admission to the United States, the defendant was arrested on or about January 2, 2010 in Suffolk County, New York. (Id. ¶¶ 14-16.) On September 15, 2010, the defendant was brought into the custody of Immigration and Customs Enforcement. (Id. ¶ 15.)

### C. The Defendant's Criminal History

On or about February 28, 2008, the defendant was convicted in Suffolk County First District Court of driving while impaired by the consumption of alcohol. (Id. ¶ 32.) The defendant was sentenced to a $500 fine, a license suspension of 90 days and an alcohol abuse program. (Id.) On or about November 19, 2008, the defendant was convicted in Suffolk County First District Court of acting in a manner injuring a child less than seventeen years of age and driving while intoxicated. (Id. ¶ 34.) The defendant was sentenced to 60 days' imprisonment on both charges, with the sentences running concurrently. (Id.) On or about May 21, 2010, after the defendant illegally re-entered the United States, the defendant was convicted in Suffolk County Court of rape in the third degree. (Id. ¶ 36.) The rape involved the defendant's oldest daughter, now 17 years old. (Id. ¶¶ 43-44.) The defendant was sentenced to 365 days' imprisonment and an order of protection. (Id.) As a result, the defendant has a total of five criminal history points, which places him in Criminal History Category III. (Id. ¶ 38.)

### D. The Guidelines Calculation

The offense carries a maximum prison sentence of two years' imprisonment. Under the Guidelines, this charge has a base offense level of 8. Given the defendant's timely allocution and assuming continued acceptance of responsibility, a two-level reduction is warranted, resulting in a total offense level of six.

The United States Probation Office (the "Probation Office") confirms a total offense level of six and a Criminal History Category of III, yielding a Guidelines range of two to eight months' imprisonment.  (Id. ¶¶ 8-9.)  The Probation Office recommends a six-month term of imprisonment to be followed by a one-year term of supervised release.  (Id. at 14.)

## DISCUSSION

**A.     Applicable Law**

The United States Sentencing Guidelines still provide strong guidance to the Court following United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).  Although Booker held that the Guidelines are no longer mandatory, it also held that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing.  Booker, 543 U.S. at 264.  As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" — that "should be the starting point and the initial benchmark."  Gall v. United States, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (2) the four legitimate purposes of sentencing, as set forth below, see id. § 3553(a)(2); (3) "the kinds of sentences available," id. § 3553(a)(3); (4) the Guidelines range itself, see id. § 3553(a)(4); (5) any relevant policy statement by the Sentencing Commission, see id. § 3553(a)(5); (6) "the need to avoid unwarranted sentence disparities among defendants," id. § 3553(a)(6); and (7) "the need to provide restitution to any victims," id. § 3553(a)(7).  See Gall, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- (B) to afford adequate deterrence to criminal conduct;
- (C) to protect the public from further crimes of the defendant; and
- (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

**B. The Defendant's History and Characteristics Merit a Sentence at the High End of the Guidelines Range**

The defendant argues that his personal history and circumstances support a sentence toward the low end of the applicable Guidelines, namely time served. (Def. Mem. at 5-6). The defendant claims that he returned to the United States because he was threatened by gang members in El Salvador and urges the Court to consider letters of support from his family and friends. (Id.)

The defendant's personal history and circumstances, as well as the 3553(a)(2) factors, however, more properly support a sentence toward the high end of the applicable Guidelines range. The defendant was convicted of raping his minor daughter. At the time of the offense, which, according to the criminal information filed in Suffolk County Superior Court, occurred between July 1, 2008 and August 31, 2008, the defendant's daughter was approximately 15 years old. The defendant's wife and children, including the victim of the rape who is now 17 years old, as well as another three-year old daughter, still live in the United States. (PSR ¶ 43.)

Section 3553(a) requires the Court to consider "the need for the sentence imposed . . . to protect the public from further crimes of the defendant." Because the defendant's wife and children live in the United States, the defendant has a strong incentive to re-offend, by unlawfully re-entering the United States again. The potential consequences of the defendant unlawfully returning to the United States are underscored by the heinous nature of the crime he committed and the fact that the victim, his daughter, is still a minor. Accordingly, a high-end of the Guidelines sentence is warranted.

The defendant's prior criminal conduct is also relevant to an assessment of the "seriousness of the offense." Here, the legal proceedings against the defendant for raping his daughter took place <u>after</u> he unlawfully returned to the United States. For that reason, the defendant had not yet been convicted of the rape offense when he was deported and thus was charged under 8 U.S.C. § 1326(a), rather than 8 U.S.C. § 1326(b)(2). The defendant's criminal conduct, however, occurred prior to his deportation, rendering the defendant's unlawful re-entry more serious than that of the typical 1326(a) offender. Indeed, the structure of the unlawful re-entry statute reflects Congress's determination that an alien who was deported subsequent to the commission of an aggravated felony and who then unlawfully re-enters the United States commits a much more serious offense than an alien without any criminal history who reenters unlawfully. See <u>United States v. Amaya-Benitez</u>, 69 F.3d 1243, 1246 (2d Cir. 1995) ("In enacting 8 U.S.C. § 1326, Congress plainly intended to punish more severely those individuals who illegally reenter the country after having committed aggravated felonies than those who illegally reenter the country after having committed lesser crimes."). Accordingly, to adequately reflect the seriousness of the defendant's conduct, the defendant should be sentenced toward the high-end of the applicable Guidelines.

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence on the defendant at the upper end of the Guidelines range of two to eight months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Dated: New York, New York
December 13, 2010

                                      Respectfully submitted,
                                      PREET BHARARA


                            By:   /s/ Daniel B. Tehrani
                                   Daniel B. Tehrani
                                   Assistant United States Attorney
                                   Tel.: (212) 637-2455

## **CERTIFICATE OF SERVICE**

      I, Daniel B. Tehrani, Assistant United States Attorney for the Southern District of New York, hereby certify that on December 13, 2010, I caused a copy of the foregoing Sentencing Memorandum to be served by facsimile upon the following:

    Fiona M. Doherty, Esq.
    Federal Defenders of New York
    52 Duane Street, 10th Floor
    New York, New York 10007
    Fax: (212) 571-0392

Dated:  New York, New York
         December 13, 2010


                                        /s/ Daniel B. Tehrani
                                      Daniel B. Tehrani
                                      Assistant United States Attorney